UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| G. DAVID IVERSON and ACCESS WITH SUCCESS, INC., Plaintiffs | ) ) ) ) | 04  11654 CIVIL ACTION NO.: 04- |
| v. | ) ) ) | RECEIPT # _____ AMOUNT $150 SUMMONS ISSUED Yes |
| OMNI BOSTON CORPORATION and OMNI HOTELS MANAGEMENT CORPORATION, Defendants | ) MAGISTRATE JUDGE ___ ) ) ) ) | LOCAL RULE 4.1 _____ WAIVER FORM _____ MCF ISSUED _____ BY DPTY. CLK. T.O.M DATE 7/26/04 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Article 114 of the Massachusetts Constitution, and Massachusetts General Laws. chapter 93 § 103. The plaintiffs, G. David Iverson and Access with Success, Inc. ("AWS"), through their counsel, bring this cause of action against the Omni Boston Corporation and Omni Hotels Management Corporation and as causes of action allege as follows:

### PARTIES

1. The plaintiff, Access with Success, Inc., ("AWS") is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts. Its members are able-bodied individuals and qualified individuals with disabilities as defined by the ADA. Its members include G. David Iverson. Mr. Peter A. Spalluto, age 58, who is quadriplegic due to a swimming pool diving accident in 1966, is also a member. He always uses a wheelchair to ambulate. Mr. Scott M. Frotton, age 41, is a founding member of AWS. Mr. Frotton has T7 paraplegia secondary

based on a reasonable belief that discrimination is about to occur. A plaintiff with a disability need not engage in the "futile gesture" of attempting to gain access to each and every feature of a facility or place of public accommodation where access barriers are known to exist and where the owner or operator does not intend to comply with the provisions of the ADA. *42 U.S.C. § 12188(a)(1)*. The "futile gesture" provision extends so far as to allow a person who uses a wheelchair to challenge the *planned* construction of a new place of public accommodation, such as a shopping mall, that would not be accessible to individuals who use wheelchairs. The resolution of such challenges prior to the construction of an inaccessible facility would enable any necessary remedial measures to be incorporated in the building at the planning stage, when such changes would be relatively inexpensive.

14. This case arises out of the defendants' unlawful practice of denying access to the facilities, goods and services offered at the Omni Parker House to persons with disabilities.

## JURISDICTION

15. This Court has primary jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that this action arises under the laws of the United States and the defendants are subject to personal jurisdiction.

16. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this Court under 28 U.S.C. § 1391, the claim having arisen in the Massachusetts.

18. On June 13, 2004, Mr. Iverson stayed as a guest at Omni Parker House and was denied access to the facilities, goods and services of The Omni Parker House due to its lack of accessibility and

a lack of compliance with the ADA's requirements regarding the removal of architectural barriers to access by persons with disabilities.

19. Mr. Iverson intends to patronize The Omni Parker House in the future, but continues to be denied full and safe access to the hotel due to the violations which continue to exist there.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

20. All events giving rise to this lawsuit occurred in the state of Massachusetts.

21. On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C. §12181 and 28 C.F.R. Part 36.

22. The defendants have discriminated against the plaintiffs and continue to discriminate against the plaintiffs by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of The Omni Parker House as prohibited by 42 U.S.C. § 12181 *et seq.* by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv) and by failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible as required by 42 U.S.C. § 12183(a)(2).

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. The regulations are codified at 28 C.F.R. Part 36.

24. The Omni Parker House and the various businesses therein are places of public accommodation subject to the provisions of Title III of the ADA.

25. The Omni Parker House web site located at **http://parkerhouseboston.com/** states: "This first

class, elegant hotel is located in the Financial and Government Center area on the Freedom Trail."

26. The web site also states, "After an $82 million dollar renovation, the Omni Parker House offers more than 500 rooms, including economy and larger size accommodations. Each features color TV with CNN and in-room movies, Web TV, radio, high-speed Internet access, minibar, hair dryer, and iron and ironing board. Economy rooms are 130 square feet and offer a full size bed. European rooms are 160 square feet; Deluxe rooms are 250 square feet. Both offer either a king size bed or two double beds."

27. The web site also states, "An onsite restaurant, cafe and lobby bar are open to hotel guests. Also open is the newly remodeled historic Last Hurrah lounge, " and "A brand new 5,000 square foot health club is now open for guests."

28. On a number of occasions over the past decade or so, Mr. Iverson has met friends and acquaintances at the cafe and lobby bars within the Omni Parker House and at the the Last Hurrah lounge.

29. On various occasions, Mr. Iverson complained or reported to employees of the hotel that the facilities were inaccessible to a person who is confined to a wheelchair.

30. On those occasions, the employees replied that major renovations were planned or were underway and that wheelchair accessible features would be incorporated in the renovations.

31. On information and belief, the hotel was renovated between 1999 and 2003, but wheelchair accessible features as required by Title III of the ADA were not incorporated or, if they were, they were incorporated incompletely or incompetently.

32. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make

alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *42 U.S.C. § 12183(a)(2).*

33. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible. For example, if during renovations a doorway is being relocated, the new doorway must be wide enough to meet the new construction standard for accessibility. When alterations are made to a primary function area, such as the restaurant or lounge of a hotel lobby, an accessible path of travel to the altered area must also be provided. The bathrooms, telephones, and counters serving that area must also be made accessible. These additional accessibility alterations are required to the extent that the added accessibility costs do not exceed 20% of the cost of the original alteration.

34. Mr. Iverson was a guest at the hotel in Room 843 on June 13, 2004.

35. Two to four weeks prior to his stay at the hotel on June 13, 2004, Mr. Iverson made reservations, at which time he requested a wheelchair accessible room, including an ADA compliant roll-in shower. The clerk who took his reservation assured him that he would have the requested accommodations in his room.

36. During his stay at Omni Parker House, Mr. Iverson observed, encountered, and suffered discrimination as a result of architectural barriers to access at Omni Parker House.

37. Mr. Iverson intends to return to Omni Parker House as soon as the architectural barriers to access are removed.

38. Upon arriving for his stay on June 13, 2004, Mr. Iverson observed and encountered the architectural barriers to access set forth below.

39. The School Street entrance is not accessible, nor does it have a directional sign indicating the route to the nearest accessible entrance in violation of ADAAG 4.1.2(7)(c).

40. There is no accessible route within the hotel complying with ADAAG 4.1.2(1).

41. Parking facilities lack an accessible passenger loading zone in violation of ADAAG 4.1 and 4.6.6.

42. There is no accessible entrance to the hotel as required by ADAAG 4.1, 4.13, and 4.14.

43. The currently designated accessible entrance does not have doors that comply with ADAAG 4.1.3.

44. The main lobby has a guest registration counter that does not comply with ADAAG 4.1 and 7.2.

45. There is a desk in close proximity to the guest registration counter that does not comply with ADAAG 4.1 and 4.32 (*Fixed or Built-In Seating and Tables*).

46. There is a lounge known as Parker's Bar directly off of the main lobby which has stairs at its entrance in violation of §36.302 of the Title III regulations.

47. There is an exercise facility within the lower lobby that does not provide accessible exercise equipment in violation of §36.302 of the Title III regulations.

48. There is a restroom on the lower lobby that is in violation of ADAAG 4.1, 4.16 and 4.22.

49. The plaintiff alleges that each and every restroom within the common public areas of the hotel are not in compliance with the applicable ADAAGs. The plaintiff did not engage in the futile gesture of trying to gain access to each and every restroom within the general public areas of the hotel, but holds a reasonable belief that the defendants do not intend to comply with the provisions of the ADA with respect to all of the restrooms within the general public areas of the hotel.

50. At the time of Mr. Iverson's visit, the elevator in the lower lobby was out of order in violation of

9

§36.302 of the Title III regulations. A hotel employee, Rafael Ortiz, escorted Mr. Iverson to the freight elevator to return him to the main lobby.

51. Public pay telephones on the Mezzanine Level were inaccessible and in violation of ADAAG 4.1, 4.3, and 4.5. Mr. Iverson was unable to use the pay telephone.

52. Room 843 had a supposed roll-in shower, but the shower did not comply with ADAAG 4.1 and 9.2.2(6)(e).

53. The supposed roll-in shower lacked the dimensions shown in Figure 57 of the ADAAG as follows:



Fig. 57
Roll-in Shower with Folding Seat

54. The lavatory in Room 843 was in violation of ADAAG 4.1, 9.2.2(6)(e) and Figure 31 as follows:

10



Fig. 31
Lavatory Clearances

55. The toilet in Room 843 was more than 18" from the side wall in violation of ADAAG 4.1, 4.16 and 9.2.2(6)(e).

56. The flush control was improperly mounted in violation of ADAAG 4.1 and 4.16.5.

57. Switches, outlets and controls within the bathroom were out of the reach ranges required by ADAAG 4.1, 4.2, and 9.2.2(4) and required tight grasping, pinching and twisting to operate.

58. Items within the closet were out of required reach ranges.

59. The mirror in the bathroom did not comply with ADAAG 4.1. and 4.19.6.

60. There was no accessible route within the room itself as required by ADAAG 4.1 and 9.2.2(6).

61. The closet in Room 843 was in violation of ADAAG 4.1 and 9.2.2(4).

62. There were no auxiliary aids or accommodations for a hearing impaired person (such as Mr. Iverson) within Room 843 in violation of ADAAG 4.1, 9.1.3 and 9.2.2(8) and 9.3.

11

63. The dressers and desks within Room 843 were in violation of ADAAG 4.1 and 4.27.

64. The beds in Room 843 were so high off of the floor that Mr. Iverson could not transfer into bed from his wheelchair and vice versa without assistance.

65. There is no accessible route throughout the hotel as required by ADAAG 4.3.

66. There is no accessible path of travel into the restaurants, shops and facilities located within the hotel as required by ADAAG 4.3.2.

67. The defendants have failed to remove barriers to access by persons with mobility disabilities at Omni Parker House and the businesses, shops and stores therein where such barrier removal is readily achievable.

68. The defendants have failed to provide necessary auxiliary aids and services at Omni Parker House and the businesses, shops and stores therein where provision of such auxiliary aids and services would not pose any undue economic or architectural burden.

69. The defendants have failed to modify policies and procedures at Omni Parker House and the businesses, shops and stores therein where required to ensure equal access for persons with disabilities.

70. The defendants have altered Omni Parker House and the businesses therein without complying with access requirements mandated by Title III of the ADA.

71. On information and belief, the plaintiffs allege that there are other violations present at Omni Parker House and the businesses therein that will be more fully alleged upon discovery and further inspection.

72. The defendants have failed to make efforts required under the ADA to remove such barriers to the

extent readily achievable nor have the defendants complied with accessibility standards to the maximum extent feasible.

73. The defendants have also, by maintaining such barriers, failed to comply with ADA and access requirements for areas of new construction or alteration.

74. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible.

75. The actions and initiatives which the defendants have failed to undertake in order to make Omni Parker House accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with mobility disabilities at minimal expense to the defendants.

76. The defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, the defendants will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which the plaintiffs have no adequate remedy at law.

## COUNT II - MASSACHUSETTS CONSTITUTION and G.L. c.93 § 103

77. The plaintiffs repeat the preceding allegations as if fully set forth here.

78. Article 114 of the Massachusetts Constitution prohibits discrimination on the basis of a person's disability within Massachusetts.

79. Implementing Article 114 to the Massachusetts Constitution, G.L. c.93 § 103, the Massachusetts Equal Rights Law, guarantees person with disabilities the same rights as other persons, such as the right to make contracts, to purchase personal property, to participate in lawsuits and to receive the full benefit and protection of the laws.

13

80. As described in Count I, the plaintiff has been excluded from full and equal participation in patronizing Omni Parker House and the businesses therein to the same extent as non-disabled patrons. Based upon the totality of the circumstances, Mr. Iverson has been denied the benefits afforded to non-disabled patrons. He has been subject to ongoing discrimination by the defendants solely by reason of his disability as prohibited by Article 114 of the Massachusetts Constitution and G.L. c. 93 § 103.

81. The plaintiff has been distressed and inconvenienced by the discriminatory actions of the defendants, including their failure to remove access barriers at Omni Parker House and the businesses therein and their failure to modify policies and procedures to accommodate disabled customers such as Mr. Iverson.

82. The plaintiff's constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendants and he is therefore entitled to compensatory and exemplary damages for his injuries.

## REQUEST FOR RELIEF

83. The plaintiffs have retained the undersigned counsel to represent them in this case for injunctive relief and for the protection of their civil rights and the plaintiffs have agreed to pay their counsel reasonable attorneys' fees and the costs and expenses incurred in this action. The plaintiffs are entitled to recover reasonable attorneys' fees, costs and expenses from the defendants pursuant to 42 U.S.C. §12205 and G.L. 93 § 103(d).

84. Pursuant to 42 U.S.C. §12188, this Court is authorized to grant the plaintiffs injunctive relief by ordering the defendants to alter the subject facilities by removing architectural barriers to access

and use by individuals with mobility disabilities as required by the ADA; the Court is also authorized to close the subject facilities until the defendants complete the required modifications and alterations.

85. Pursuant to G.L. 93 § 103, this Court is authorized to grant the plaintiffs compensatory and exemplary damages.

    **WHEREFORE**, the plaintiffs respectfully pray this Honorable Court:

a. Assume jurisdiction;

b. Issue an injunction, as authorized by 42 U.S.C. § 12188(a)(2) and G.L. 93 § 103, enjoining defendants from continuing their unlawful discrimination against persons with disabilities;

c. Order the defendant trustees to alter the premises known as Omni Parker House and the businesses therein to the extent required by the Americans with Disabilities Act and Subpart E of 28 C.F.R. Part 36;

d. Award the plaintiffs appropriate attorneys' fees and costs of this suit as provided by 42 U.S.C. § 12205 and G.L. 93 § 103(d);

e. Award the plaintiffs compensatory and exemplary damages as provided by G.L. 93 § 103(b); and

f. Award the plaintiffs such other additional and proper relief as may be just and equitable.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON COUNT II ONLY.**

    Respectfully submitted,

    The Plaintiffs,
    ACCESS WITH SUCCESS, INC. and
    G. DAVID IVERSON,

By their Attorneys,

_Nicholas S. Guerrera_
Nicholas S. Guerrera, BBO#551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978)689-0800

Dated: July 23, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
G. David Iverson

**DEFENDANTS**
Omni Boston Corp.
Omni Hotel Management Corp.

(b) County of Residence of First Listed Plaintiff  **Suffolk County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Dallas County, TX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

Attorneys (If Known)
N/A

04 11654

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ■ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ ~~151 Medicare Act~~ | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ■ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC §12181 et seq. Americans with Disabilities Act of 1990. Action for Injunctive relief to compel defendant to remove architectural barriers to persons with mobility disabilities in place of public accommodation.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE
DOCKET NUMBER

DATE 7-23-04
SIGNATURE OF ATTORNEY OF RECORD  /s/ Nicholas S. Guerrera

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Iverson v. Omni Boston Corporation__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II. 195, 368, 400, **440** 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.  150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____None_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES       **(NO)**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES       **(NO)**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES       **(NO)**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES       **(NO)**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   **(YES)**       NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   **(EASTERN DIVISION)**       CENTRAL DIVISION       WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nicholas S. Guerrera, Shaheen Guerrera & O'Leary, LLC__
ADDRESS __820A Turnpike Street, North Andover, MA 01845__
TELEPHONE NO. __978-689-0800       fax 978-794-0890__

(Cover sheet local.wpd - 11/27/00)