UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| G. DAVID IVERSON<br>and ACCESS WITH SUCCESS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>OMNI BOSTON CORPORATION<br>and OMNI HOTELS MANAGEMENT<br>CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 04-11654REK |

## DEFENDANTS PRETRIAL MEMORANDUM

In accordance with Local Rule 16.5(d) and this Court's order dated March 6, 2006, Defendants Omni Boston Corporation and Omni Hotels Management Corporation ("Defendants") submit their Pretrial Memorandum:

### I.

On March 14, 2006, counsel for Defendants reminded counsel for Plaintiffs of the deadline to submit the Pretrial Memorandum and asked him to provide Plaintiffs' inclusions by the end of the day on March 16, 2006. Plaintiffs' counsel did not respond to this request, nor has he submitted anything to Defendants' counsel or communicated with Defendants' counsel about the Pretrial Memorandum in any way. Accordingly, Defendants have no choice but to submit this Pretrial Memorandum unilaterally.

### II.

1. **A concise summary of the evidence that will be offered:**

    A. **Plaintiffs:** None submitted.

    B. **Defendants:** The hotel in question is in substantial compliance with all legal requirements. The hotel was constructed in the 19th century, many years before accessible design requirements were envisioned or enacted. Much of the hotel's renovations did not affect

the hotel's usability by the general public. The requested modifications are not readily achievable, are unreasonable, would create an undue burden, would fundamentally alter the nature of the public accommodations or services, are technically infeasible, would interfere with legitimate safety requirements necessary for the safe operation of the public accommodations, and/or would destroy the historic significance of a historic property. One or more Plaintiffs lack standing with respect to some or all of their claims or requested modifications.

2. **The facts established by pleadings or by stipulations or admissions of counsel:**

   A. Plaintiffs previously agreed to settle all claims.

   B. The hotel was constructed in the 19th century, many years before accessible design requirements were envisioned or enacted.

3. **Contested issues of fact:**

   A. The extent to which the hotel's renovations affected the hotel's usability by the general public.

   B. Whether the requested modifications are readily achievable, are unreasonable, would create an undue burden, would fundamentally alter the nature of the public accommodations or services, are technically infeasible, would interfere with legitimate safety requirements necessary for the safe operation of the public accommodations, and/or would destroy the historic significance of a historic property.

   C. Whether one or more Plaintiffs lack standing with respect to some or all of their claims or requested modifications.

4. **Any jurisdictional questions:**

   Defendants deny this Court has jurisdiction or should exercise jurisdiction over any claim other than the ADA claim.

5. **Any questions raised by pending motions:**

   Prior to the pretrial conference, Defendants anticipate filing the following motions:

   A. Motion to Enforce Settlement Agreement – Plaintiffs previously agreed to settle all claims.

  **B.** Motion to Compel Production of Communications with Testifying Expert - Plaintiffs have refused to produce communications exchanged with their testifying expert witness.

  **C.** Motion to Exclude Evidence for Failure to Comply with Disclosure Requirements and Deadlines – Plaintiffs have failed to submit any disclosures or their portion of the Pretrial Memorandum.

  **D.** Motion to Collect Costs Pursuant to Rejected Offer of Judgment – On March 7, 2006, counsel for Defendants forwarded an offer of judgment under Rule 68 to Plaintiffs' counsel. Plaintiffs did not accept the offer, and therefore, the cost-shifting mechanism of Rule 68 has been triggered.

**6.** **Issues of law, including evidentiary questions, together with supporting authority:**

  **A.** Whether Plaintiffs' claims are barred by settlement. *See Motion to Enforce Settlement.*

  **B.** Whether Plaintiffs must produce communications exchanged with their testifying expert. *See Motion to Compel*.

  **C.** Whether Plaintiffs should be precluded from offering evidence. *See Motion to Exclude Evidence.*

  **D.** Whether Defendants should be awarded their costs. *See Motion to Collect Costs.*

**7.** **Any requested amendments to the pleadings:**

 Defendants seek to add as an affirmative defense that Plaintiffs' claims are barred by settlement. This issue has arisen in the last 30 days.

**8.** **Any additional matters to aid in the disposition of the action:**

 None.

**9.** **The probable length of trial:**

 It will take approximately one hour to present the evidence regarding Plaintiffs' settlement of their claims. The evidence regarding the condition of the hotel and the requested modifications would take approximately three days.

**10.    The names, addresses, and telephone number of witnesses to be called:**

    **A.    Plaintiffs witnesses:**    None submitted.

    **B.    Defendants witnesses:**

James A. DiLuigi
Universal Designers & Consultants
6 Grant Avenue
Takoma Park, MD 20912-4324
Phone:  (301) 270-2470

Dick Mason
General Manager, Omni Parker House Hotel
c/o Ron Chapman, Jr.
8117 Preston Rd. Suite 700
Dallas, TX  75225
Phone: (214) 987-3800

Ed Dustin
Chief Engineer, Omni Parker House Hotel
c/o Ron Chapman, Jr.
8117 Preston Rd. Suite 700
Dallas, TX  75225
Phone: (214) 987-3800

Sergio Vasques
Director of Engineering
20 Cherry Street
Nantucket, MA 02554
Phone: (508) 228-0527

Brian Kuckelman
Senior Vice President, Design & Project Management
c/o Ron Chapman, Jr.
8117 Preston Rd. Suite 700
Dallas, TX  75225
Phone: (214) 987-3800

Patrick Ahearn
Ahearn-Schopfer & Associates
160 Commonwealth Avenue
Boston, MA  02116
Phone: (617) 226-2276

Ron Chapman, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
8117 Preston Rd. Suite 700
Dallas, TX  75225
Phone:  (214) 987-3800

Nicholas S. Guerrera
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 018450
(978) 689-0800

All persons disclosed by Plaintiffs or identified in this litigation.

**11.    The proposed exhibits:**

    **A.**    **Plaintiffs exhibits:**  None submitted.

    **B.**    **Defendants exhibits:**

        **1.**    Memo from Patrick Ahearn dated January 31, 1997, certifying that renovation project will comply with all requirements

        **2.**    Blue prints of the hotel

        **3.**    Construction drawings

        **4.**    Floor plans

        **5.**    Architect's Certificate

        **6.**    Standard Operating Procedures

        **7.**    Architectural & Design Standards

    All documents disclosed by Plaintiffs or identified in this litigation.

**12.    The parties respective positions on any remaining objections to the evidence identified in the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3):**

    **A.**    **Plaintiffs position:**  None submitted.

    **B.**    **Defendants position:**  Plaintiffs did not submit pretrial disclosures of any sort. Accordingly, Defendants object to any evidence being submitted by Plaintiffs.

        Respectfully submitted,
        OGLETREE, DEAKINS, NASH, SMOAK &
          STEWART, P.C.

    /s/  Ron Chapman, Jr.

_____

Ron Chapman, Jr.
Texas Bar No. 00793489 (admitted pro hac vice)
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

ATTORNEYS FOR DEFENDANTS
OMNI BOSTON CORPORATION AND
OMNI HOTELS MANAGEMENT
CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of March, 2006, a true and correct courtesy paper copy of the above and foregoing was mailed, postage prepaid, to the following:

Nicholas S. Guerrera
Shaheen Guerrea & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845

        /s/ Gregg S. Haladyna
        _____
        Gregg S. Haladyna, Esq.