**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| G. DAVID IVERSON <br> and ACCESS WITH SUCCESS, INC., <br><br> Plaintiffs <br><br> v. <br><br> OMNI BOSTON CORPORATION <br> and OMNI HOTELS MANAGEMENT <br> CORPORATION, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 04-11654REK |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

In accordance with Local Rule 16.5(d) and this Court's order dated March 6, 2006, the plaintiffs, G. David Iverson and Access with Success, Inc. submit their Pretrial Memorandum.

The plaintiffs and defendants have been engaged in settlement discussions almost from the inception of this case. They currently find themselves in agreement on all issues with the exception of one. They have exchanged drafts of a Consent Decree that specifies the modifications that the defendants should make to improve wheelchair accessibility in the defendants' hotel. The one matter upon which the parties are deadlocked concerns the installation of an elevator or wheelchair lift into Parker's Bar. The defendants wish to place a cost cap of $225,000 on their obligation to install an elevator or lift. The plaintiffs' position is that the installation of such a lift or elevator is readily achievable, necessary, and required by law without any contingency as to cost. The plaintiffs question the necessity of a full-scale trial on all issues given the substantial progress the parties have made in settlement negotiations.

1.  **A concise summary of the plaintiff's evidence that will be offered**:

The hotel in question is substantially out of compliance with the barrier removal and modification requirements of the Americans with Disabilities Act. The evidence will show that in 2003, the defendants completed an $82 million renovation of the Omni Parker Hotel. With respect to altered facilities under the ADA, discrimination constitutes "a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." *42 U.S.C. § 12183(a)(2)*. All alterations that could affect the usability of a facility must be made in an accessible manner to the maximum extent feasible. For example, if during renovations a doorway is being relocated, the new doorway must be wide enough to meet the new construction standard for accessibility. When alterations are made to a primary function area, such as the restaurant or lounge of a hotel lobby, *an accessible path of travel to the altered area must also be provided*. These additional accessibility alterations are required to the extent that the added accessibility costs do not exceed 20% of the cost of the original alteration. The plaintiffs expect the evidence to show that the required accessibility costs, including the installation of an elevator or lift into Parker's Bar, would not exceed 20% of the cost of the original alteration.

The plaintiffs have standing to assert the claims presented for adjudication by this Court.

2.  **The facts established by pleadings or by stipulations or admissions of counsel:**
    A.  Plaintiffs previously agreed to settle all claims, except for the matter of the $225,000 cost contingency on the installation of a wheelchair lift or elevator into Parker's Bar.

3.  **Contested issues of fact:**
    A.  Whether the required accessibility costs, including the installation of an

2

elevator or lift into Parker's Bar, exceed 20% of the $82 million cost of the original alteration.

**4.    Any jurisdictional questions:**

This Court has primary jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that this action arises under the laws of the United States and the defendants are subject to personal jurisdiction.

**5.    Any questions raised by pending motions:**

Prior to the pretrial conference, the plaintiffs anticipate filing the following motion:

**A.**    Motion to Preclude Defendants from Calling James A. DiLuigi or Any Other Expert For Failure to Comply with Disclosure Requirements and Deadlines.

**6.    Issues of law, including evidentiary questions, together with supporting authority:**

**A.**    Whether the Defendants Should Be Precluded from Calling James A. DiLuigi or Any Other Expert For Failure to Comply with Disclosure Requirements and Deadlines

**7.    Any requested amendments to the pleadings:**

None.

**8.    Any additional matters to aid in the disposition of the action:**

In the course of negotiations, the plaintiffs and defendants came to substantial agreement on the defendants' obligation to modify initial access into the building, enhance the accessibility of the registration desk, and, significantly, to increase the number of accessible guest rooms.

**9.    The probable length of trial:**

The evidence regarding the condition of the hotel and the requested modifications would take approximately three days.

**10.**     **The names, addresses, and telephone number of witnesses to be called:**

G. David Iverson

William J. Norkunas
ADAHelp, Inc.
6103 Umbrella Tree Lane
Tamarac, FL  33319
(954) 484-7149

                        Respectfully Submitted,

                        ACCESS WITH SUCCESS, INC., and
                        G. DAVID IVERSON,

                        By their Attorney,

                        /s/Nicholas S. Guerrera_____
                        Nicholas  S.  Guerrera,  BBO#551475
                        Shaheen Guerrera & O'Leary, LLC
                        Jefferson Office Park
                        820A Turnpike Street
                        North Andover, MA 018450
                        (978) 689-0800

Dated: March 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail pursuant to Mass. R. Civ. P. 5.

                        /s/Nicholas S. Guerrera_____  _____
                        Nicholas S. Guerrera

Dated: March 21, 2006