UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| G. DAVID IVERSON | § | |
| and ACCESS WITH SUCCESS, INC., | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 04-11654REK |
| | § | |
| OMNI BOSTON CORPORATION | § | |
| and OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants Omni Boston Corporation and Omni Hotels Management Corporation ("Defendants") submit their Motion to Enforce Settlement Agreement:

### I.

### FACTUAL BACKGROUND

For over a year, Defendants have sought to resolve this case. Recently, after many settlement discussions, Plaintiffs and Defendants agreed on all material terms. Nevertheless, even while their attorney acknowledged the prior agreement, Plaintiffs then unilaterally attempted to change the terms of the settlement. With respect to settlement discussions, the chronology of events is as follows[1]:

---

[1] Additionally, there were numerous telephone calls made by Defendants' counsel to Plaintiffs' counsel, following-up on his documented attempts to communicate with Plaintiffs' counsel. The substantive settlement discussions and exchanges were all in writing.

| | |
|---|---|
| 1/18/05 | Defendants requested a detailed demand letter. |
| 1/21/05 | Plaintiffs' counsel stated he would provide the demand letter as soon as he could. |
| 8/31/05 | Plaintiffs provided a proposed consent decree. |
| 9/2/05 | Defendants' counsel stated he would evaluate the proposal and be back in touch within two weeks. |
| 9/16/05 | The attorneys discussed various issues in the proposed consent decree. |
| 9/22/05 | Defendants provided a draft settlement agreement.  Plaintiffs did not respond. |
| 10/11/05 | Defendants' counsel asked for a status update. |
| 10/21/05 | Plaintiffs' counsel responded to the proposed settlement agreement, stating there should be 11 accessible rooms. |
| 10/25/05 | Defendants' counsel and Plaintiffs' counsel discussed various issues in the proposed settlement. |
| 10/31/05 | Defendants' counsel asked Plaintiffs' counsel if the only remaining issue was whether the hotel would install a lift into Parker's Bar.  Plaintiffs did not respond. |
| 11/1/05 | Defendants' counsel asked for a status update.  Plaintiffs did not respond. |
| 11/7/05 | Defendants' counsel asked for a status update.  Plaintiffs did not respond. |
| 11/8/05 | Plaintiffs' counsel responded with comments on only three specific issues. |
| 11/21/05 | Defendants' counsel forwarded a proposed consent decree to Plaintiffs' counsel and identified only three remaining issues that were in dispute:  (a) the number of accessible rooms (Plaintiffs were claiming 11; Defendants were claiming 10); (b) a lift into Parker's Bar; and (c) the amount of attorneys' fees and costs to be paid to Plaintiffs.  Plaintiffs did not respond. |
| 12/14/05 | Defendants' counsel asked for a status update. |
| 12/15/05 | Plaintiffs' counsel responded that he would address the proposed consent decree before the Christmas break. |
| 1/27/06 | Defendants' counsel asked for a status update.  Plaintiffs did not respond. |
| 2/14/06 | Defendants' counsel asked for a status update. |
| 2/15/06 | Plaintiffs' counsel stated he would review the proposed consent decree on 2/17/06. |
| 2/20/06 | Defendants' counsel asked for a status update.  Plaintiffs did not respond. |
| 2/21/06 | After receiving no response, Defendants' counsel faxed a letter to Plaintiffs' counsel asking for cooperation. |

| 2/28/06 | **Plaintiffs counsel stated that his clients accepted Defendants proposal with respect to the number of accessible rooms** (*i.e.*, 10 rooms) and made some changes to Defendants' proposed consent decree. |
|---|---|

3/2/06    Defendants' counsel forwarded another draft of the proposed consent decree to Plaintiffs' counsel, accepting all of Plaintiffs' proposed terms with only one exception: with respect to a lift into Parker's Bar, Defendants agreed to install the lift, provided that it could be done for $200,000 or less.

3/3/06    The parties filed a joint motion for continuance, implying that a preliminary settlement had already been reached: "The parties have exchanged detailed settlement proposals and are hopeful they can reach a **final** settlement within the next few days" (emphasis added).

3/7/06    **Plaintiffs counsel wrote: The $200,000 limit on the lift installation is acceptable.** Thus, the only remaining issue to be negotiated was the amount of fees and costs to be paid to Plaintiffs. This was confirmed in an email from Defendants' counsel that same day. Defendants' counsel proposed $29,000 for fees and costs.

3/9/06    **Plaintiffs counsel writes: The offer of $29,000 is acceptable.** Nevertheless, while acknowledging the prior agreements, Plaintiffs' counsel states that his client now wants 16 rooms (instead of the 10 agreed upon) and will not agree to the $200,000 cap on the Parker's Bar lift (despite the prior agreement). Plaintiffs' counsel admits: "There is no denying that I wrote in a previous e-mail that the $200,000 cap on the installation of a wheelchair lift or elevator in Parker's Bar was acceptable."

*See* Exhibit 1. Thus, the terms agreed upon by the parties are those encompassed by the consent

decree forwarded from Defendants' counsel to Plaintiffs' counsel on March 2, 2006. *See* Exhibit

2.

## II.

## ARGUMENT AND AUTHORITIES

As noted by the First Circuit in *Bandera v. City of Quincy*, 344 F.3d 47 (1st Cir. 2003):

> it is conventional for the court before whom the case is pending to enforce a settlement agreement, assuming it is valid…; it would generally be preposterous to conduct a trial in the teeth of a valid settlement agreement and award damages-only to have the resulting judgment unwound by a contract action or similar remedy implementing the settlement agreement…. It is hard to foresee all possible circumstances, but of this we are sure: a judge cannot refuse to enforce an otherwise valid settlement agreement on the ground initially given in this case, namely, that doing so would require the judge to conduct a mini-trial into the question whether a binding contract had been made. Contract enforcement is not normally a matter of judicial convenience.

**DEFENDANTS MOTION TO ENFORCE SETTLEMENT AGREEMENT**                    **Page 3**

*Bandera*, 344 F.3d at 51-52.    Additionally, "the district court cannot summarily deny enforcement simply because material facts are in dispute: the task is to resolve the dispute." *Id.* at 52.

On comparable facts, courts routinely enforce settlement agreements. *See Kinan v. Cohen*, 268 F.3d 27, 32 (1st Cir. 2001) ("the district court was entitled to rely on the representations of counsel that an agreement in principle had been reached."); *Quint v. A.E. Staley Mfg. Co.*, 246 F.3d 11, 15 (1st Cir. 2001) ("[Plaintiff's] argument, that when the parties to an agreement contemplate a written document will memorialize a contract, there can be no agreement until the document is executed, is a radical and doomed departure from the principles of contract law.  If that were so, for example, no party could ever settle in the courthouse by oral agreement.  But that is not the law.").  In short, because Plaintiffs' authorized representative – *i.e.*, their attorney – agreed to settle the case, Plaintiffs are bound by that agreement. *See Hawk v. Biggio*, 372 So.2d 303, 304 (Ala. 1979) (affirming trial court's enforcement of settlement agreement where plaintiff's attorney was authorized to settle on behalf of plaintiff).

Thus, the Court should enforce the settlement agreement as reflected in Exhibit 2. Alternatively, Defendants demand a jury trial on the issue of whether a settlement was reached.

WHEREFORE, Defendants request that their motion be granted in full and for any further relief to which they may be entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.

/s/ Ron Chapman, Jr.

_____

Ron Chapman, Jr.
Texas Bar No. 00793489 (admitted pro hac vice)
700 Preston Commons
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

ATTORNEYS FOR DEFENDANTS
OMNI BOSTON CORPORATION AND
OMNI HOTELS MANAGEMENT
CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of March, 2006, a true and correct paper courtesy copy of the above and foregoing was forwarded via regular mail, postage prepaid, to the following:

Nicholas S. Guerrera

Shaheen Guerrera & O'Leary, LLC

Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845

/s/ Gregg S. Haladyna

_____

## CERTIFICATE OF CONFERENCE

This is to certify that Defendants' counsel has conferenced with Plaintiffs' counsel regarding settlement of this case.  Defendants contend a settlement was agreed to by Plaintiffs' counsel.

/s/ Ron Chapman, Jr.

_____

Ron Chapman, Jr.

**DEFENDANTS  MOTION TO ENFORCE SETTLEMENT AGREEMENT**          **Page 5**