# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **G. DAVID IVERSON**<br>**and ACCESS WITH SUCCESS, INC.,**<br>    **Plaintiffs**<br><br>    **v.**<br><br>**BOSTON OMNI CORPORATION and**<br>**OMNI HOTELS MANAGEMENT**<br>**CORPORATION,**<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)  **CIVIL ACTION NO.: 04-11654REK**<br>)<br>)<br>)<br>)<br>)<br>) |

_____)

## OPPOSITION OF PLAINTIFF, G. DAVID IVERSON, TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

The plaintiff, G. David Iverson, offers the following facts and reasons in opposition to the defendants' motion to enforce the settlement agreement.

1. Mr. Iverson's attorney, Nicholas Guerrera, believed in good faith that he had actual authority to bind Mr. Iverson to the provision regarding a $200,000 cap on the cost of a wheelchair lift into Parker's Bar, but he did not. Following Mr. Guerrera's written statement to the defendants' counsel on March 7, 2006 that the $200,000 cap was acceptable, Mr. Iverson informed him that under no conditions would he sign a settlement agreement that included any monetary cap on the defendants' obligation to install a wheelchair lift into Parker's Bar.

2. Mr. Iverson and Mr. Guerrera agree that Mr. Guerrera made an honest mistake in representing in writing that the $200,000 cap was acceptable. Mr. Guerrera misunderstood the scope of his client's authority to settle on this point in what is otherwise an amicable attorney-client relationship of confidence and trust.

3.     Mr. Iverson believed and continues to believe that no settlement agreement can be final and binding unless it is in writing and signed by him.

4.     After March 7, 2006, the parties' continued negotiating the terms of a settlement. On Friday, March 10, 2006, defense counsel wrote:

"Without waiving our right to file the motion to enforce, what about this:

1.  16 rooms, with 5 showers

2.  raise cap on lift for Parker's Bar to $225,000

3.  no liquidated damages

4.  $23,000 for fees/costs

This way, your client gets what he wants on the rooms; in exchange, you give up a little on the fees and liquidated damages (far less than the cost of the additional rooms); and we compromise on the lift.  I have not raised this with my client, but if you offer it, I will do so promptly."

5.     On March 15, 2006, plaintiffs' counsel replied as follows:

"If your client would agree to it, we would agree to the following:

1.  16 rooms, with 5 roll-in showers

2.  no cap on lift for Parker's Bar

3.  no liquidated damages (but a right to petition the court for attorneys' fees in a contempt motion) 4.  $29,000 for fees/costs

Mr. Iverson tells me he's perfectly willing to go to court."

6.     On March 15, 2006, defense counsel replied:

The problem is the lift.  Because the hotel hasn't done engineering studies yet, it can't be sure there aren't hidden costs associated with that project.  The hotel is willing to go along with the concept of doing the lift, notwithstanding its position that it is not legally required as the bar itself has not been modified beyond cosmetics, but it can't agree to writing a blank check.  That's a completely reasonable, business decision.  I think the lift can be done for about $75k, but it will take time to confirm that.

In short, I think we're arguing over a hypothetical that will never occur. Why not just settle the case with a cap in place, and if for some reason the hotel can't get it done for under $225k, then you can sue us again?  The release would be valid only through the date of the settlement.  All Mr. Iverson or anyone else would have to do is go into the hotel with an intent to go to Parker's Bar, and he would have a new cause of action.  This way, we don't have to fight about an issue that I really don't think will ever arise.  I obviously think the lift can be done under the cap, or I wouldn't be floating this idea.

So, how about this:

1.  16 rooms, with 5 showers

2.  cap of $225k on Parker's Bar lift

3.  no liquidated damages (but a right to petition the court for attorneys' fees in a contempt motion)

4.  $29,000 for fees/costs

5.  release valid through date of signature

I will take this to my client if you say it's acceptable."

7.      Mr. Iverson rejected the March 15 proposal against Mr. Guerrera's

recommendation.

8.      The other plaintiff, Access with Success, Inc., would agree to the terms of this

proposal if accepted by Mr. Iverson.

9.      On March 23, 2006, defense counsel offered to obtain and provide to plaintiffs'

counsel engineering studies and a cost estimate for the proposed lift.  This material would

not, however, be available until the beginning of May at the earliest.

10.     Mr. Iverson has agreed to reconsider his position on the cost cap based upon his

review of the proposed the engineering studies and cost estimate.  Prior to becoming

paralyzed in 1987, Mr. Iverson was a general contractor and builder by trade, so he has

sufficient background to understand and judge engineering studies and cost estimates.

11.    Mr. Iverson has not committed to changing his position, but he has agreed to reconsider it based upon the proposed the engineering studies and cost estimate.

12.    Mr. Iverson submits that there was no meeting of the minds or final, binding agreement between the parties on March 7, 2006.  Rather, settlement negotiations continued thereafter and may continue, if permitted by the Court, depending upon his receipt of the engineering studies and cost estimate on the construction of a wheelchair lift into Parker's Bar.

For the foregoing reasons, Mr. Iverson respectfully requests that the Court will defer acting upon the defendants' motion to enforce the settlement, as well as the motion to collect costs pursuant to rejected offer of judgment, the motion to compel production of communications with testifying experts, and the motion to exclude evidence for failure to comply with disclosure requirements and deadlines.  Mr. Iverson respectfully requests that the parties will be allowed until May 17, 2006 to resume settlement negotiations in light of the proposed engineering studies and cost estimate.

Respectfully Submitted,

ACCESS WITH SUCCESS, INC., and
G. DAVID IVERSON,

By their Attorney,


/s/Nicholas S. Guerrera
Nicholas S. Guerrera, BBO#551475
Shaheen, Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 018450
(978) 689-0800


Dated:  April 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail pursuant to Mass. R. Civ. P. 5.

/s/Nicholas S. Guerrera_____ _____
Nicholas S. Guerrera

Dated: April 5, 2006