UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 JUL 19 P 3: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| G. DAVID IVERSON<br>and ACCESS WITH SUCCESS, INC.,<br><br>Plaintiffs<br><br>v.<br><br>OMNI BOSTON CORPORATION<br>and OMNI HOTELS MANAGEMENT<br>CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 04-11654REK |

## CONSENT DECREE

This CONSENT DECREE is made and entered into by and among Access With Success, Inc. and G. David Iverson, acting by and through their attorney, Nicholas S. Guerrera of Shaheen, Guerrera & O'Leary, LLC ("Plaintiffs"), and Omni Boston Corporation and Omni Hotels Management Corporation, by and through their attorney, Ron Chapman, Jr. of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Defendants"). Plaintiffs and Defendants are sometimes hereinafter referred to as the "Parties".

### WITNESSETH:

WHEREAS, Plaintiffs filed this action against Defendants for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.*, pursuant to which Plaintiffs sought a permanent mandatory injunction, attorneys' and expert's fees, expenses, and costs;

WHEREAS, the Parties have agreed to a settlement of this action;

WHEREAS, the Parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

WHEREAS, the pending litigation involves claims contested by Defendants, and defenses contested by Plaintiffs; and

WHEREAS, the Parties now desire permanently and fully to settle, resolve, and conclude the litigation and all disputes, claims, and defenses that were or could have been brought by Plaintiffs in the litigation without the burdens and expenses of further litigation and trial;

WHEREAS, the Parties have conferred in good faith and agree that the pending litigation should be settled without the need for trial; and

WHEREAS, the Parties acknowledge and agree that this Consent Decree is not intended to be, and shall not be construed or represented to be, evidence of, or an admission of liability, on the part of Defendants on any claim in the litigation; and

WHEREAS, this Consent Decree is understood by the Parties to be an amicable resolution of genuinely disputed claims;

NOW THEREFORE, in consideration of the promises hereinbefore set forth, and the mutual and reciprocal covenants and agreements herein provided, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, it is AGREED by the Parties and ORDERED by the Court as follows:

1. Defendants hereby represent to Plaintiffs that they have made the alterations or improvements specified in Exhibit 1 hereto, or that it shall cause the alterations and improvements contained in Exhibit 1, to be made to the property which is the subject of this action, commonly known as the Omni Parker House, Boston, Massachusetts (referred to hereinafter as the "facility" or the "property" or the "hotel").

2. Defendants shall make reasonable efforts to complete the alterations and modifications required under this Consent Decree within 24 months following the entry of this Consent Decree on the Court's docket, provided that Defendants may extend the period for additional time, if needed, with Plaintiffs' assent to the additional time requested. Plaintiffs shall not unreasonably withhold their assent and stipulation. Agreed upon extensions of deadlines forcompletion of work required hereunder shall be confirmed in writing by the Parties. Such extensions of time used need not be endorsed by the Court. Defendants shall take reasonable steps to obtain the appropriate permits from the City of Boston in time to complete all work required by this Consent Decree within the 24 months referred to above.

3. The Parties agree that in the event that the alterations and modifications required by this Consent Decree are not timely completed within the 24 months referred to above (or within any extension of time to which the parties may agree and except as otherwise specified above), Plaintiffs shall have the right to petition the Court for an award of attorneys' fees necessitated by any breach. The appropriate amount to be awarded will be determined by the Court in relation to the severity of Defendants' non-compliance and breach and the applicable legal principles. Additionally, Plaintiffs shall be entitled to seek injunctive relief from the Court to compel compliance with the terms of this Consent Decree.

4. The Parties' settlement of Plaintiffs' claims for attorneys' fees and costs shall be the subject of a separate agreement and shall remain confidential. The Parties stipulate that Defendants have paid Plaintiffs for all reasonable and necessary attorneys' fees,

litigation expenses (including expert fees and costs), and costs incurred by Plaintiffs in this matter, as agreed to by the Parties.

5.  In consideration of the separate agreement referenced in the preceding paragraph and in consideration of the actions undertaken or to be undertaken by Defendants under the terms of this Consent Decree, Plaintiffs, individually and jointly, their past, present and future officers, directors, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, divisions, parents, predecessors, successors, heirs, members and assigns, hereby release and forever discharge Defendants, their owners, stockholders, agents, directors, officers, employees, insurers, representatives, attorneys, divisions, subsidiaries, affiliates (and agents, directors, officers, employees, representatives and attorneys of such divisions, subsidiaries and affiliates), and their predecessors, successors, heirs, executors, administrators, and assigns, whomsoever, and all persons acting by, through, under or in concert with any of them, or any of them (hereinafter, "Released Parties"), of and from any and all charges, complaints, grievances, claims, actions, causes of action, suits, liabilities, obligations, promises, agreements, demands, controversies, rights, damages, court costs, debts, losses, expenses (including attorneys' fees and costs actually incurred), and compensation whatsoever, whether statutory, contractual or common law, known or unknown, which Plaintiffs now have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, injuries and damage and the consequences thereof resulting or which may result from any acts or inactions or torts or wrongdoing committed by Released Parties through the latest date on which this Agreement is signed, including, but not limited to, any claim arising under the Americans with Disabilities Act.

6. The Parties further acknowledge, represent, covenant, and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded, or otherwise changed unless in writing signed by authorized representatives of Plaintiffs and Defendants, which expressly refers to this Consent Decree. The Court must endorse all substantive changes to this Consent Decree.

7. Plaintiffs acknowledge, represent, covenant, and warrant that Plaintiffs, individually or jointly, have not made any assignment of any right, claim, or cause of action covered by this release to any individual, corporation, or any other legal entity whatsoever.

8. The Parties understand and agree that this Release does not apply to any alleged breaches of this Consent Decree.

9. The Parties stipulate and represent that they have the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

10. The Parties also shall file a joint notice indicating that the matter has been settled and requesting that the matter be dismissed, with prejudice, subject to the Court retaining jurisdiction only for enforcement purposes.

11. This Consent Decree shall become effective as of the date that all of the signatories have signed the Consent Decree and the date when the Court has endorsed it as an order of the Court.

Access With Success, Inc.

By: _Nicholas S. Rumeesh_ under Power of Atty. for
As Authorized Representative   Scott M. Frotton, Director (Attached).
Dated: __6/26/06__


_____
G. David Iverson, Plaintiff
Dated: _6/20/06_



**OMNI BOSTON CORPORATION**

By:_____
As Authorized Representative
Dated: _6/30/06_


**OMNI HOTELS MANAGEMENT CORPORATION**

By:_____
As Authorized Representative
Dated: _6/30/06_


**So Ordered by the Court:**


_____
District Judge, United States District Court,
District of Massachusetts
Dated: _____

## POWER OF ATTORNEY

KNOW ALL PERSONS that I, Scott M. Frotton, in my capacity as a Director of Access with Success, Inc., hereby grant to my attorneys, Nicholas S. Guerrera, of Shaheen Guerrera & O'Leary, LLC, Jefferson Office Park, 820A Turnpike Street, North Andover, Massachusetts, 01845 full power and authority to prepare, endorse, execute and file on my behalf, all complaints, claims, contracts, drafts, settlement agreements, consent decrees, and other documents which, in his opinion are necessary in connection with the prosecution and resolution of the Title III ADA cases in which Access with Success, Inc. is named as a plaintiff.

_____
Scott M. Frotton
Dated: 6/26/06

P:\NICK\WPDOCS\ADA LITIGATION\FORMS\GEN'L POA-FROTTON.DOC